## W. E. Holland v. J. N. Votaw.

Application No. 6996. Decided November 2, 1910.

**1.—Married Woman—Conveyance—Acknowledgment—Validating Act.**

The Act of April 30, 1907 (Laws 30th Leg., p. 308), relates only to the admissibility in evidence of deeds not properly acknowledged, where recorded for ten years, not to questions affecting their validity as conveyances, such as that of the sufficiency of a conveyance by a married woman without the privy examination and acknowledgment required by law. (P. 535.)

**2.—Same—Legislative Power—Validating Conveyances.**

The refusal of a writ of error herein is not to be taken as a ruling on the power of the Legislature to validate the deed of a married woman which was inoperative only because of a defective certificate of acknowledgment. (P. 535.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

The action was brought by Votaw and others to recover land from Holland. The land was separate property of Mrs. Carr, a married woman, who, in 1860, joined by her husband, made a deed under which defendant claimed title. The certificate of privy examination and acknowledgment by her was not in compliance with the statute. Plaintiffs claimed title under conveyance made by the heirs of Mrs. Carr after the deed from her had been on record for more than ten years, title under same being asserted by the grantee during that time, and no claim asserted by Mrs. Carr. The trial was upon an agreed statement, and judgment rendered for plaintiffs was affirmed on appeal by defendant, who thereupon applied for a writ of error.

*J. F. Lanier,* for plaintiff in error.

*Greer & Minor* and *Lord & Lawhon,* for defendants in error.

### ON APPLICATION OF WRIT OF ERROR.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

We agree with the Court of Civil Appeals in the construction of the Act of 1907 (Laws 30th Leg., 308), that it does not undertake to make valid conveyances that before were invalid, even where the invalidity exists only for want of proper certificates of acknowledgment to deeds of married women. That statute, as did the one of which it is an amendment, relates only to the admissibility of deeds as evidence because of their having been recorded, and not to questions affecting their sufficiency as conveyances. Therefore, no question arises as to the power of the Legislature to validate the deeds of married women which are inoperative only because of defective certificates of acknowledgment, and we are not to be understood as passing on that question in refusing the application.

Writ of error refused.